UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR MARIA BYRNE,<br><br>    Plaintiff,<br><br>    v.<br><br>CROWN ASSET MANAGEMENT, LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-07090-EMC<br><br>**ORDER DENYING DEFENDANT THE RESOLUTION LAW GROUP APC'S MOTION TO STRIKE**<br><br>Docket No. 14 |

Plaintiff Flor Maria Byrne sues Defendants Crown Asset Management, LLC ("Crown Asset), the Resolution Law Group APC ("TRG"), and Reid Steinfeld for suing her to collect a debt in Contra Costa County Superior Court, even though she resides in San Mateo County and incurred the debt there. Defendant TRG has moved to strike Plaintiff's request for trebling of statutory damages, arguing that they are unavailable as a matter of law. Plaintiff did not file a timely opposition. The Court determines this matter is appropriate for resolution without oral argument and, *see* Local Civ. R. 7-1(b), for the reasons below, **DENIES** Defendant TRG's motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Ms. Byrne is a senior citizen and retiree who lives in San Mateo, California. Compl. ¶¶ 1, 6. She has lived there continuously for approximately 25 years. *Id.* ¶ 12. "Some years ago" she entered into a credit card agreement with Walmart-Synchrony Bank in San Mateo County ("Walmart Account"). *Id.* At some point, the Walmart Account was sold to Defendant Crown Asset Management ("Crown Asset"). *Id.* ¶ 13. Crown Asset retained Defendants The Resolution Law Group APC ("TRG") and Reid Steinfeld to sue Ms. Byrne in connection with the Walmart

1  Account. *Id.* ¶ 14.

2  Defendants sued Ms. Byrne in Contra Costa County in November 2016. *Id.* ¶ 17. Ms. Byrne alleges that "none of the defendants had any basis to believe that [she] had entered into the underlying contract (if any) in Contra Costa County." *Id.*¶ 14. Rather, they did so "intentionally" "[i]n order to obtain a speedy and uncontested judgment." *Id.* ¶ 17. Defendants obtained a default on June 8, 2017. *Id.* ¶ 19. Plaintiff alleges that Defendant Steinfeld "has a history of filing collection suits against consumers in improper counties," including two San Mateo County residents who were sued in Shasta County in May 2014. *Id.* ¶¶ 15-16.

After Defendants obtained a default in Contra Costa County, Ms. Byrne wrote to Defendants on June 30, 2017 requesting they set aside the default because she was a San Mateo County resident and informing them that she was "a senior citizen and that she would suffer hardship if forced to defend the case in Contra Costa County." *Id.* ¶ 20. Defendants refused on July 13, 2017 and instead asked her how much she was willing to pay. *Id.* ¶ 21. Defendants allegedly took no further action to investigate Ms. Byrne's claim she did not incur the debt in, or live in, Contra Costa County. *Id.*

## II. DISCUSSION

Ms. Byrne brings claims against Defendants under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and California's Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*, for unlawfully suing her "in a county other than the county where she lived when the action was filed and other than the county where she entered into the underlying contract" in violation of 15 U.S.C. §§ 1692i(a)(2)[1], and Cal. Civ. Code §§ 1788.17 (incorporating requirements of 15 U.S.C. § 1692i(a)(2)) and 1788.15(b)[2]. Compl. ¶¶ 25, 29.

---

[1] "Any debt collector who brings any legal action on a debt against any consumer shall . . . in the case of an action [not to enforce an interest in real property] bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(A)-(B).

[2] "No debt collector shall collect or attempt to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred." Cal. Civ. Code § 1788.15(b).

2

In addition to actual and statutory damages, Plaintiff requests treble damages pursuant to California Civil Code § 3345—the focus of Defendant TRG's Rule 12(f) motion to strike. Defendant TRG argues that the request should be stricken because such damages are not available here as a matter of law. A motion to strike, however, is not the appropriate procedural vehicle when challenging the legal availability of a particular remedy; the Court therefore construes Defendant TRG's request as a motion to dismiss under Rule 12(b)(6). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) (holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law").

Defendant TRG argues that Section 3345 only authorizes trebling of *punitive* damages, and therefore the request should be interpreted as a "de facto" demand for punitive damages, which are unavailable under the FDCPA and the Rosenthal Act. *See*, *e.g.*, *Varnado v. Midland Funding LLC*, 43 F.Sup.3d 985, 993 (N.D. Cal. 2014); *Sanchez v. Client Servs., Inc.*, 520 F.Supp.2d 1149, 1163-64 (N.D. Cal. 2007). Defendant TRG, however, misconstrues Section 3345. Section 3345 permits trebling as follows:

> Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to determining the amount of the fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding[.]

*Id.* § 3345(b). Though Section 3345 clearly permits trebling of punitive damages, it *also* permits trebling "[w]henever" a statute authorizes "*either* a fine, *or* a civil penalty or other penalty, *or* any other remedy the purpose or effect of which is to punish or deter . . . ." Cal. Civ. Code § 3345(b) (emphasis added). The key question is whether "the statute under which recovery is sought permits a remedy that is in the nature of a penalty." *Clark v. Sup. Ct.*, 50 Cal.4th 605, 614 (2010) (holding that Section 3345 permits trebling "only if the statute under which recovery is sought permits a remedy that is in the nature of a penalty"). If it is a penalty, then trebling under Section

3

3345 is permitted.

Here, both the FDCPA and Rosenthal Act permit the recovery of statutory penalties and fines (other than damages). *See* 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(b)(1) (authorizing a penalty up to $1,000); Cal. Civ. Code § 1788.30(b) (permitting "a penalty" between $100 and $1,000 for any "willful[] and knowing[] violat[ion]" of the Rosenthal Act). The Ninth Circuit has recognized that "[s]tatutory damages under the FDCPA are intended to deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff." *Gonzales v. Arrow Financial Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir. 2011) (quotation omitted). It also specifically noted that comparable damages under California's Rosenthal Act "increase deterrence, thus affording greater protections to consumers and operating consistently with the FDCPA." *Id.* Such statutory damages therefore have "the purpose or effect . . . to punish or deter." Cal. Civ. Code § 3345(b). Trebling under Section 3345 is thus permitted. *Cf. Clark*, 50 Cal.4th at 614. Defendant TRG is wrong that they are unavailable as a matter of law.

Defendant TRG also argues that Plaintiff fails to state a claim for a statutory penalty under California Civil Code Section 1788.30(b), which permits a penalty from $100-$1,000 whenever a debt collector "willfully and knowingly violates" any provision of the Rosenthal Act. Cal. Civ. Code § 1788.30(b). Defendants claim that Plaintiff only makes a "cursory and summary reference in paragraph 31" that they unlawfully sued her in the wrong county "willfully and knowingly," but that there are "no substantive allegations" to support that conclusion. Mot. at 8. The Court disagrees. Willfulness and intent need only be pled generally. *See* Fed. R. Civ. P. 9(b); *Fair v. Experian Info. Solutions, Inc.*, Case No. C-16-5712 CW, 2017 WL 1164225, at *3 (N.D. Cal. Mar. 29, 2017). Here, Plaintiff alleges that she has lived in San Mateo County for over 25 years, that she executed the debt in San Mateo County, that Defendants had no basis to believe the debt was executed in Contra Costa County, and that Defendants in fact knew that Plaintiff lived in San Mateo County. Compl. ¶¶ 12, 14, 17. The plausibility of these allegations is bolstered by Defendants' service of the Contra Costa County action on Plaintiff at her residence in San Mateo County. *Id.* ¶ 18. That Defendants later refused to vacate the default after Plaintiff sent a letter informing them the venue was improper also bolsters an inference that their prior actions were

4

willful; in other words, one could reasonably infer that filing in Contra Costa County was not simply an honest mistake that Defendants acted to correct immediately upon notification. *Id.* ¶ 21. Further, Defendants presumably obtained Ms. Byrne's contact information upon assignment of the Walmart Account, and presumably reviewed such details about the debt before filing suit. It is thus plausible to infer that Defendants knew that Ms. Byrne lived in San Mateo County and that the debt was incurred there but nevertheless filed suit in Contra Costa County. That Defendants ultimately requested dismissal of the Contra Costa case on August 25, 2017 (*after* serving the Contra Costa action on Plaintiff in San Mateo County, *after* obtaining default judgment, and *after* initially refusing Plaintiff's request for dismissal) and re-filed in San Mateo County in September 18, 2017 does not undermine the plausibility of that inference. In the context of a motion to dismiss under Rule 12(b)(6), all reasonable inferences are to be drawn in the non-moving party's favor. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

For these reasons, Defendant's motion is **DENIED**.

This order disposes of Docket No. 14. The April 26, 2018 hearing on this motion is **VACATED**. The Initial Case Management Conference is re-scheduled to 9:30 a.m. on April 26, 2018. A Joint Case Management Conference Statement shall be filed by April 19, 2018.

**IT IS SO ORDERED**.

Dated: April 3, 2018

EDWARD M. CHEN
United States District Judge